Ruffin, Judge
 

 It is argued for the plaintiff, that the sale was good, because the land was iiable in the hands of
 
 Mary E.
 
 in whatever manner it came to her, and therefore, the pleadings need not shew how she was heir, or bow she otherwise claimed the land. That the proceeding against real estate is considered to be
 
 in rem,
 
 and the only reason for bringing in the person is to contest the debt, the state of the personal assets, or the insolvency of the executor.
 

 The principles asserted are not clearly perceived by ill® court to be entirely correct
 
 •,
 
 for it may be that the
 
 *376
 
 devisee paid debts to the value of the land, and would have a right to shew that, although she could not plead generally “nothing by devise.” But it is unnecessary to pursue that investigation, because if the proceeding be regarded as
 
 in rem,
 
 as strictly as if it were on a statute or recognizance in England, the process must be served on, and bring in the person
 
 then
 
 claiming and enjoying the thing sought to be condemned. That person is the one to defend it — Hence, those who are the terre-tenants must be summoned. When this suit was brought,
 
 Mary E.
 
 v as not seised of these lands. They belonged to her mother, and could not have been sold under a judgment against the daughter, if the mother had survived the judgment; neither can they, as against any person succeeding to the mother’s estate. They never have been defended. It is true,
 
 Mary E.
 
 was before the court; but the lands which descended from her father to her may not have been worth a contest, or may have been sold for other debts; or indeed, none may have descended to her, and so she could not have been injured. It may be, that the heir need only be named as
 
 terre-tenant;
 
 but if one having a several interest, die pending the suit, his share cannot be sold under the judgment, unless the suit be revived against his heir, which may be done, I suppose, though the heir of the one dying, be not also the heir of the first debtor.
 

 But if the process and judgment could have been so framed as to extend to these lands, thus acquired by the defendant in that suit pending it, they have not. They embrace in terms only, “lands of which
 
 Maurice Jones
 
 died seised, and which descended from him to
 
 Mary E. Jones
 
 the heir of
 
 Maurice.”
 
 Now although it might not have been necessary to name her as heir of
 
 Maurice,
 
 and allege that the land came to her in that character, yet when she is named as heir of one, and the pleadings do not designate the land by boundaries or other means, than as being held by her as the heir of the particular person mentioned, the plaintiff is bound by the description, and cannot sell under that judgment land claimed in another right; and especially when that right has accrued after action brought. — Per Curiam. — Judgment aitirmed.